# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICKY SMYRNES,<br>  Petitioner,<br><br>v.<br><br>ROBERT GILMORE, *et al.*,<br>  Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:17-720<br><br>Judge Cathy Bissoon |

## MEMORANDUM ORDER

Ricky Smyrnes (the "Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 2013, he was tried in the Court of Common Pleas of Westmoreland County on charges related to the kidnapping and murder of Jennifer Lee Daugherty. A jury convicted him of first-degree murder, conspiracy, kidnapping and related crimes. Following a separate penalty hearing, the jury returned a sentence of death on his first-degree murder conviction.

The Petitioner pursued a direct appeal with the Supreme Court of Pennsylvania. On February 22, 2017, that Court issued a decision affirming his judgment of sentence. Commonwealth v. Smyrnes, 154 A.3d 741 (Pa. 2017).

On April 12, 2017, the Petitioner filed in the Court of Common Pleas a motion for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), in which he claims that his trial counsel provided him with ineffective assistance in violation of his Sixth Amendment rights. He claims also that there is newly-discovered exculpatory evidence. (Petition, ¶ 11(a)). On May 4, 2017, the Court of Common Pleas appointed Thomas N. Farrell, Esq., to represent the Petitioner and issued a scheduling order setting forth the due date for a

counseled amended PCRA petition. (5/4/17 docket entries on Criminal Docket Sheet in Commonwealth v. Smyrnes, CP-65-CR-848-2010 (C.P. Westmoreland Co.).[1]

On or around June 2, 2017, this Court received for filing the Petitioner's *pro se* petition for habeas relief, which is governed by 28 U.S.C. § 2254.[2] As relief, he seeks an order from this Court that he be released, retried or, at a minimum, that his sentence of death be vacated.

A federal habeas petitioner must complete the exhaustion of his available state court remedies before a federal district court may determine the merits of his habeas claims. This exhaustion requirement is codified at 28 U.S.C. § 2254(b)(1)(A), and provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State[.]

The requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991).

The general rule is that a district court must dismiss a federal habeas petition if the petitioner is exhausting his available state remedies. See, e.g., Rhines v. Weber, 544 U.S. 269, 273-79 (2005) (discussing the general rule as set forth in Rose v. Lundy, 455 U.S. 509 (1982) and the limited exception to it, which does not apply here). Therefore, because the Petitioner

---

[1] The Court takes judicial notice of the state court docket.

[2] Section 2254(a) provides that a district shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

currently is litigating challenges to his convictions and capital sentence in his PCRA proceeding, this Court must dismiss his federal habeas petition. The dismissal is without prejudice to the Petitioner commencing another federal habeas case if, after the completion of his state court remedies, he does not receive the relief he seeks in state court.

For the reasons stated above, the petition for a writ of habeas corpus is summarily DISMISSED.[3] The Clerk of Court is to mark this case CLOSED.

IT IS SO ORDERED.


June 9, 2017
                                                          s\Cathy Bissoon
Cathy Bissoon
United States District Judge

---

[3] Section 2253(c)(1)(A) of Title 28 provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the *final order* in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" (Emphasis added). This Court need not make a certificate of appealability determination. That is because "[a] district court's order dismissing, without prejudice, a petition for federal habeas relief for failure to exhaust state-court remedies is not a final appealable order, since it explicitly entitles the petitioner to renew habeas proceedings upon completion of review of his claims in the state court system." BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 12:30, WestlawNext (database updated May 2017) (citations omitted). If a certificate of appealability determination is required, the Court finds that the Petitioner is not entitled to one.